Stephen M. Lobbin (SBN 181195)
slobbin@onellp.com
**ONE LLP**
4000 MacArthur Boulevard
East Tower, Suite 500
Newport Beach, California 92660
Tel: 949.502.2870
Fax: 949.258.5081

Dmitry Kheyfits (NYS Bar No. 4743795)
*Pending Admission Pro Hac Vice*
dkheyfits@kheyfits.com
Andrey Belenky (NYS Bar No. 4524898)
*Pending Admission Pro Hac Vice*
abelenky@kheyfits.com
Hanna G. Cohen (NYS Bar No. 4471421)
*Pending Admission Pro Hac Vice*
hgcohen@kheyfits.com
**KHEYFITS P.C.**
1140 Avenue of the Americas, 9th Floor
New York, NY 10036
Telephone: (212) 203-5399
Facsimile: (212) 203-6445

Attorneys for Plaintiff
**MOBILE NETWORKING SOLUTIONS, LLC**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| MOBILE NETWORKING SOLUTIONS, LLC,<br>Plaintiff,<br><br>vs.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC. and MAPR TECHNOLOGIES, INC.,<br><br>Defendants | Case No.<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Mobile Networking Solutions, LLC ("Plaintiff" or "MNS"), by way of this Complaint against Defendants Experian Information Solutions, Inc. ("Experian") and MapR Technologies, Inc. ("MapR") (collectively Experian and MapR are referred to as "Defendants" herein), alleges as follows:

## I. THE PARTIES

1. Plaintiff MNS is a limited liability company organized and existing under the laws of the State of Texas, having its principal place of business at 1400 Preston Road, Suite 483, Plano, TX 75093.

2. On information and belief, Defendant Experian is a corporation organized and existing under the laws of the State of Ohio, having its principal place of business at 475 Anton Boulevard, Costa Mesa, CA 92626.

3. On information and belief, Defendant MapR is a corporation organized and existing under the laws of the State of California, having its principal place of business at 350 Holger Way, San Jose, CA 95134.

## II. JURISDICTION AND VENUE

4. This is an action under the patent laws of the United States, 35 U.S.C. §§ 1, et seq., for infringement by each of the Defendants of claims of U.S. Patent No. 7,197,662 (the "'662 Patent"); U.S. Patent No. 7,543,177 (the "'177 Patent"); and U.S. Patent No. 7,958,388 (the "'388 Patent") (collectively, the '662 Patent, '177 Patent, and '388 Patent are referred to as the "Patents-in-Suit" herein).

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. Experian is subject to personal jurisdiction of this Court because, *inter alia*, upon information and belief, (i) Experian resides in the State of California, (ii) Experian regularly conducts business in the State of California, (iii) Experian is registered to do business in the State of California, (iv) Experian has committed and continues to commit acts of patent infringement in the State of California, including

by making, using, offering to sell, and/or selling accused products and services in California.

7. MapR is subject to the personal jurisdiction of this Court because, *inter alia*, upon information and belief, (i) MapR resides in the State of California, (ii) MapR regularly conducts business in the State of California, (iii) MapR is registered to do business in the State of California, (iv) MapR has committed and continues to commit acts of patent infringement in the State of California, including by making, using, offering to sell, and/or selling accused products and services in California.

8. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b) because, *inter alia*, on information and belief, (i) Defendants have done and continue to do business in this district; (ii) Defendants have committed and continue to commit acts of patent infringement in this district, including making, using, offering to sell, and/or selling accused products and services in this district, and/or importing accused products and services into this district, including by Internet sales; (iii) Experian is headquartered in this judicial district; (iv) MapR employs personnel in this judicial district, and (v) MapR supplies technology for accused Experian products and services in this judicial district.

## III. <u>SINGLE ACTION</u>

9. This suit is commenced against Defendants Experian and MapR pursuant to 35 U.S.C. § 299 in a single action because, *inter alia*, upon information and belief, Defendant MapR designs, manufactures, and provides technology used in Experian products and services accused of infringement in this action.

10. Accordingly, Experian and MapR's infringement arises out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling of the same accused product or process, and questions of fact common to both Defendants will arise in this action pursuant to 35 U.S.C. § 299.

## IV. BACKGROUND

11. On March 27, 2007, the United States Patent and Trademark Office duly and lawfully issued the ’662 Patent, entitled “Methods and Systems for a Storage System” based upon an application filed by the inventors Melvin James Bullen, Steven Louis Dodd, William Thomas Lynch, and David James Herbison. A true and correct copy of the ’662 Patent is attached hereto as Exhibit A.

12. On June 2, 2009, the United States Patent and Trademark Office duly and lawfully issued the ’177 Patent, entitled “Methods and Systems for a Storage System” based upon an application filed by the inventors Melvin James Bullen, Steven Louis Dodd, William Thomas Lynch, and David James Herbison. A true and correct copy of the ’177 Patent is attached hereto as Exhibit B.

13. On June 7, 2011, the United States Patent and Trademark Office duly and lawfully issued the ’388 Patent, entitled “Methods and Systems for a Storage System” based upon an application filed by the inventors Melvin James Bullen, Steven Louis Dodd, William Thomas Lynch, and David James Herbison. A true and correct copy of the ’388 Patent is attached hereto as Exhibit C.

14. MNS is the owner by assignment of the Patents-in-Suit, and has the right to sue and recover damages for infringement thereof.

## V. NOTICE

15. On information and belief, the law firm of Perkins Coie, including attorneys from its Palo Alto office, previously represented Cloudera, Inc., Netflix, Inc., LinkedIn Corp., and Amazon Web Services, LLC in connection with the Patents-in-Suit.

16. On information and belief, the law firm of Perkins Coie, including attorneys from its Palo Alto office, also represent Defendant MapR in connection with the prosecution of MapR’s patents relating to MapR’s products and services accused of infringement in this action.

17. In addition, the Patents-in-Suit and their relationship to the Hadoop framework underlying the MapR and Experian systems accused of infringement in this action were subject to media coverage, including articles in the New York Times and several technology-related publications.

18. Accordingly, on information and belief, MapR and Experian were aware of the existence of the Patents-in-Suit based at least on communications with counsel, communications with industry partners and affiliates, and publications, and of their infringement thereof.

## VI. COUNT I: INFRINGEMENT OF THE ’662 PATENT BY EXPERIAN

19. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

20. On information and belief, Experian has infringed at least claim 14 of the ’662 Patent by making, using, offering to sell, and/or selling in the United States, and/or importing into the United States computer storage systems based on the MapR Distribution including Hadoop. On information and belief, Experian’s infringement pursuant to 35 U.S.C. § 271(a) is ongoing.

21. On information and belief, Experian infringes claim 14 of the ’662 Patent by, for example, performing a method for use in Experian’s storage system. According to Experian, “Experian chose the MapR Distribution including Hadoop to move beyond the restraints of their in-house database while increasing processing power, lowering costs, and devising new ways to store more easily accessible data.” Exhibit D. Experian stores data in storage locations in a memory device, such as a disk. Exhibit E. Experian’s memory devices are included in a memory section, which are referred to as “Nodes” by MapR and Experian. Exhibit E. Experian’s management system, such as the Container Location Database (“CLDB”) service by MapR, determines an algorithm, such as the CLDB mappings and instructions based on said mappings, including the input/output path a MapR-FS client uses to read/write a specific data block. Exhibit E. The algorithm is used by Experian’s

switch, such as the networking components and interconnections of the MapR system including a network switch, in connecting the memory section and an external device interface. Exhibits E and F. Experian's management system, such as the CLDB service, instructs the switch to execute the determined algorithm. The switch connects the memory section, such as a Node, to the external device interfaces based on the algorithm. Experian's memory section controller, such as one or more components running on a Node, detects a fault in regard to the data stored in the memory device. Experian's memory section controller transmits a fault message, such as an alarm, a heartbeat message including information about the fault, or fails to transmit an expected heartbeat message, in response to the detected fault to the management system. Exhibit G. Experian receives the fault message at the management system, such as the CLDB. Experian's management system, such as the CLDB service, removes from service the memory section from which the fault message was received, such as a node that raised the alarm, provided a heartbeat message about the fault, or failed to send a heartbeat. Experian's management system, such as the CLDB service, instructs a non-volatile storage device, such as a non-volatile data storage device in a Node, to load data into a memory section via the switch, such as, for example, to create a new replica of an under replicated container. Exhibit F. Experian's non-volatile storage device then stores the data in a memory device in the memory section. Exhibit F.

22. On information and belief, Experian has committed the foregoing infringing activities without license from MNS.

23. The acts of infringement by Experian will continue unless enjoined by this Court.

24. MNS has been and will continue to be irreparably harmed and damaged by Experian's acts of infringement of the '662 Patent and has no adequate remedy at law.

## VII. COUNT II: INFRINGEMENT OF THE ’177 PATENT BY EXPERIAN

25. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

26. On information and belief, Experian has infringed at least claim 13 of the ’177 Patent by making, using, offering to sell, and/or selling in the United States, and/or importing into the United States data storage systems based on the MapR Distribution including Hadoop. On information and belief, Experian’s infringement pursuant to 35 U.S.C. § 271(a) is ongoing.

27. On information and belief, Experian infringes claim 13 of the ’177 Patent by, for example, performing a method for use in Experian’s storage system. According to Experian, “Experian chose the MapR Distribution including Hadoop to move beyond the restraints of their in-house database while increasing processing power, lowering costs, and devising new ways to store more easily accessible data.” Exhibit D. Experian stores data in storage locations in a memory device, such as a disk. See Exhibit E. Experian’s memory devices are included in a memory section, which are referred to as “Nodes” by MapR and Experian. Exhibit E. Experian’s management system, such as the Container Location Database (“CLDB”) service by MapR, determines a routing algorithm, such as the CLDB mappings and instructions based on said mappings, including the input/output path a MapR-FS client uses to read/write a specific data block. Exhibits E and F. The routing algorithm is used by Experian’s switch controller, which executes software, including the routing algorithm, such as the Master Node that hosts the CLDB, to configure a selectively configurable switch, such as the networking components and interconnections of the MapR system including a network switch used by Experian, in connecting the memory section and an interface. Experian’s management system, such as the CLDB, provides the routing algorithm to the switch controller, such as the Master CLDB Node, and instructs the switch controller to execute the determined routing algorithm. Exhibits E and F. Experian’s selectively configurable switch connects

the memory section to the interface based on the routing algorithm. Experian's memory section controller, such as one or more components running on a Node, detects a fault in regard to the data stored in the memory device. Experian's memory section controller transmits a fault message, such as an alarm, a heartbeat message including information about the fault, or fails to transmit an expected heartbeat message in response to the detected fault to the management system. Exhibit G. Experian receives the fault message at the management system, such as the CLDB. Experian's management system, such as the CLDB service, removes from service the memory section, such as a node that raised the alarm, provided a heartbeat message about the fault, or failed to send a heartbeat, from which the fault message was received by changing the routing algorithm, such as the CLDB mappings and instructions based on said mappings, including the input/output path a MapR-FS client uses to read/write a specific data block. Exhibits E and F.

28. On information and belief, Experian has committed the foregoing infringing activities without license from MNS.

29. The acts of infringement by Experian will continue unless enjoined by this Court.

30. MNS has been and will continue to be irreparably harmed and damaged by Experian's acts of infringement of the '177 Patent and has no adequate remedy at law.

## VIII. COUNT III: INFRINGEMENT OF THE '388 PATENT BY EXPERIAN

31. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

32. On information and belief, Experian has infringed at least claim 2 of the '388 Patent by making, using, offering to sell, and/or selling in the United States, and/or importing into the United States data storage systems based on the MapR Distribution including Hadoop. On information and belief, Experian's infringement pursuant to 35 U.S.C. § 271(a) is ongoing.

33. On information and belief, Experian infringes claim 2 of the '388 Patent by, for example, performing a method for use in Experian's storage system. According to Experian, "Experian chose the MapR Distribution including Hadoop to move beyond the restraints of their in-house database while increasing processing power, lowering costs, and devising new ways to store more easily accessible data." Exhibit D. Experian stores data in storage locations in a memory device, such as a disk. Exhibit E. Experian's memory devices are included in a memory section, which are referred to as "Nodes" by MapR and Experian. Exhibit E. Experian's management system, such as the Container Location Database ("CLDB") service by MapR, determines a routing algorithm, such as the CLDB mappings and instructions based on said mappings, including the input/output path a MapR-FS client uses to read/write a specific data block. Exhibits E and F. The routing algorithm is used by Experian's switch controller, which executes software, including the routing algorithm, such as the Master CLDB Node, to control how specific MapR-FS input/output requests traverse the MapR-FS cluster. Experian's management system, such as the CLDB, provides the routing algorithm to the switch controller, such as the Master CLDB Node. Experian's switch controller, such as the Master CLDB Node, executes the routing algorithm to configure a configurable switch, such as the networking components and interconnections of the MapR system including a network switch, connecting the memory section to an interface. Experian detects a fault associated with the data in the storage locations in the memory device. Exhibit G. Experian's management system, such as the CLDB, determines in response to the detecting of a fault, a new routing algorithm that redirects data for the memory device to a replacement memory device. Upon detecting a fault, Experian also provides the new routing algorithm to the switch controller, such as the Master CLDB Node.

34. On information and belief, Experian has committed the foregoing infringing activities without license from MNS.

35. The acts of infringement by MapR will continue unless enjoined by this Court.

36. MNS has been and will continue to be irreparably harmed and damaged by Experian's acts of infringement of the '388 Patent and has no adequate remedy at law.

## IX. COUNT IV: INFRINGEMENT OF THE '662 PATENT BY MAPR

37. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

38. On information and belief, MapR has infringed at least claim 14 of the '662 Patent by making, using, offering to sell, and/or selling in the United States, and/or importing into the United States computer storage systems based on the MapR Distribution including Hadoop. On information and belief, MapR's infringement pursuant to 35 U.S.C. § 271(a) is ongoing.

39. On information and belief, MapR infringes claim 14 of the '662 Patent by, for example, performing a method for use in a storage system. MapR stores data in storage locations in a memory device, such as a disk. See Exhibit E. MapR's memory devices are included in a memory section, which are referred to as "Nodes" by MapR. Exhibit E. MapR's management system, such as the Container Location Database ("CLDB") service, determines an algorithm, such as the CLDB mappings and instructions based on said mappings, including the input/output path a MapR-FS client uses to read/write a specific data block. Exhibit E. The algorithm is used by MapR's switch, such as the networking components and interconnections of the MapR system including a network switch, in connecting the memory section and an external device interface. Exhibits E and F. MapR's management system, such as the CLDB service, instructs the switch to execute the determined algorithm. The switch connects the memory section, such as a Node, to the external device interfaces based on the algorithm. MapR's memory section controller, such as one or more components running on a Node, detects a fault in regard to the data stored

in the memory device. MapR's memory section controller transmits a fault message, such as an alarm, a heartbeat message including information about the fault, or fails to transmit an expected heartbeat message, in response to the detected fault to the management system. Exhibit G. MapR receives the fault message at the management system, such as the CLDB. MapR's management system, such as the CLDB service, removes from service the memory section from which the fault message was received, such as a node that raised the alarm, provided a heartbeat message about the fault, or failed to send a heartbeat. MapR's management system, such as the CLDB service, instructs a non-volatile storage device, such as a non-volatile data storage device in a Node, to load data into a memory section via the switch, such as, for example, to create a new replica of an under replicated container. Exhibit F. MapR's non-volatile storage device then stores the data in a memory device in the memory section. Exhibit F.

40. On information and belief, MapR has induced infringement of at least the foregoing claims of the '662 Patent pursuant to 35 U.S.C. § 271(b), by actively and knowingly inducing, directing, causing, and encouraging others, including, but not limited to, their partners, software developers, customers, and end users, to make, use, sell, and/or offer to sell in the United States, and/or import into the United States, data storage systems based on the MapR Distribution including Hadoop, by, among other things, providing instructions, manuals, and technical assistance relating to the installation, set up, use, operation, and maintenance of said data storage systems. Upon information and belief, MapR's inducement of infringement pursuant to 35 U.S.C. § 271(b) is ongoing.

41. On information and belief, MapR has committed the foregoing infringing activities without license from MNS.

42. On information and belief, MapR knew the '662 Patent existed while committing the foregoing infringing acts, thereby willfully, wantonly and

deliberately infringing the ’662 Patent. MNS’s damages should be trebled pursuant to 35 U.S.C. § 284 because of MapR’s willful infringement of the ’662 Patent.

43. The acts of infringement by MapR will continue unless enjoined by this Court.

44. MNS has been and will continue to be irreparably harmed and damaged by MapR’s acts of infringement of the ’662 Patent and has no adequate remedy at law.

## X. COUNT V: INFRINGEMENT OF THE ’177 PATENT BY MAPR

45. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

46. On information and belief, MapR has infringed at least claim 13 of the ’177 Patent by making, using, offering to sell, and/or selling in the United States, and/or importing into the United States data storage systems based on the MapR Distribution including Hadoop. On information and belief, MapR’s infringement pursuant to 35 U.S.C. § 271(a) is ongoing.

47. On information and belief, MapR infringes claim 13 of the ’177 Patent by, for example, performing a method for use in a storage system. MapR stores data in storage locations in a memory device, such as a disk. Exhibit E. MapR’s memory devices are included in a memory section, which are referred to as “Nodes” by MapR. Exhibit E. MapR’s management system, such as the Container Location Database (“CLDB”) service, determines a routing algorithm, such as the CLDB mappings and instructions based on said mappings, including the input/output path a MapR-FS client uses to read/write a specific data block. Exhibits E and F. The routing algorithm is used by MapR’s switch controller, which executes software, including the routing algorithm, such as the Master Node that hosts the CLDB, to configure a selectively configurable switch, such as the networking components and interconnections of the MapR system including a network switch used by MapR, in connecting the memory section and an interface. Exhibit E. MapR’s management

system, such as the CLDB, provides the routing algorithm to the switch controller, such as the Master CLDB Node, and instructs the switch controller to execute the determined routing algorithm. Exhibits E and F. MapR's selectively configurable switch connects the memory section to the interface based on the routing algorithm. MapR's memory section controller, such as one or more components running on a Node, detects a fault in regard to the data stored in the memory device. MapR's memory section controller transmits a fault message, such as an alarm, a heartbeat message including information about the fault, or fails to transmit an expected heartbeat message in response to the detected fault to the management system. Exhibit G. MapR receives the fault message at the management system, such as the CLDB. MapR's management system, such as the CLDB service, removes from service the memory section, such as a node that raised the alarm, provided a heartbeat message about the fault, or failed to send a heartbeat, from which the fault message was received by changing the routing algorithm, such as the CLDB mappings and instructions based on said mappings, including the input/output path a MapR-FS client uses to read/write a specific data block. Exhibits E and F.

48. On information and belief, MapR has induced infringement of at least the foregoing claims of the '177 Patent pursuant to 35 U.S.C. § 271(b), by actively and knowingly inducing, directing, causing, and encouraging others, including, but not limited to, their partners, software developers, customers, and end users, to make, use, sell, and/or offer to sell in the United States, and/or import into the United States, data storage systems based on the MapR Distribution including Hadoop, by, among other things, providing instructions, manuals, and technical assistance relating to the installation, set up, use, operation, and maintenance of said data storage systems. Upon information and belief, MapR's inducement of infringement pursuant to 35 U.S.C. § 271(b) is ongoing.

49. On information and belief, MapR has committed the foregoing infringing activities without license from MNS.

50. On information and belief, MapR knew the ’177 Patent existed while committing the foregoing infringing acts, thereby willfully, wantonly and deliberately infringing the ’177 Patent. MNS’s damages should be trebled pursuant to 35 U.S.C. § 284 because of MapR’s willful infringement of the ’177 Patent.

51. The acts of infringement by MapR will continue unless enjoined by this Court.

52. MNS has been and will continue to be irreparably harmed and damaged by MapR’s acts of infringement of the ’177 Patent and has no adequate remedy at law.

## XI. COUNT VI: INFRINGEMENT OF THE ’388 PATENT BY MAPR

53. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

54. On information and belief, MapR has infringed at least claim 2 of the ’388 Patent by making, using, offering to sell, and/or selling in the United States, and/or importing into the United States data storage systems based on the MapR Distribution including Hadoop. On information and belief, MapR’s infringement pursuant to 35 U.S.C. § 271(a) is ongoing.

55. On information and belief, MapR infringes claim 2 of the ’388 Patent by, for example, performing a method for use in a storage system. MapR stores data in storage locations in a memory device, such as a disk. Exhibit E. MapR’s memory devices are included in a memory section, which are referred to as “Nodes” by MapR. Exhibit E. MapR’s management system, such as the Container Location Database (“CLDB”) service, determines a routing algorithm, such as the CLDB mappings and instructions based on said mappings, including the input/output path a MapR-FS client uses to read/write a specific data block. Exhibits E and F. The routing algorithm is used by MapR’s switch controller, which executes software, including the routing algorithm, such as the Master CLDB Node, to control how specific MapR-FS input/output requests traverse the MapR-FS cluster. MapR’s

management system, such as the CLDB, provides the routing algorithm to the switch controller, such as the Master CLDB Node. MapR's switch controller, such as the Master CLDB Node, executes the routing algorithm to configure a configurable switch, such as a network switch, connecting the memory section to an interface. MapR detects a fault associated with the data in the storage locations in the memory device. Exhibit G. MapR's management system, such as the CLDB, determines in response to the detecting of a fault, a new routing algorithm that redirects data for the memory device to a replacement memory device. Upon detecting a fault, MapR also provides the new routing algorithm to the switch controller, such as the Master CLDB Node.

56. On information and belief, MapR has induced infringement of at least the foregoing claims of the '388 Patent pursuant to 35 U.S.C. § 271(b), by actively and knowingly inducing, directing, causing, and encouraging others, including, but not limited to, their partners, software developers, customers, and end users, to make, use, sell, and/or offer to sell in the United States, and/or import into the United States, data storage systems based on the MapR Distribution including Hadoop, by, among other things, providing instructions, manuals, and technical assistance relating to the installation, set up, use, operation, and maintenance of said data storage systems. Upon information and belief, MapR's inducement of infringement pursuant to 35 U.S.C. § 271(b) is ongoing.

57. On information and belief, MapR has committed the foregoing infringing activities without license from MNS.

58. On information and belief, MapR knew the '388 Patent existed while committing the foregoing infringing acts, thereby willfully, wantonly and deliberately infringing the '388 Patent. MNS's damages should be trebled pursuant to 35 U.S.C. § 284 because of MapR's willful infringement of the '388 Patent.

59. The acts of infringement by MNS will continue unless enjoined by this Court.

60. MNS has been and will continue to be irreparably harmed and damaged by MapR's acts of infringement of the '388 Patent and has no adequate remedy at law.

**PRAYER FOR RELIEF**

WHEREFORE, MNS prays for the judgment in its favor against Defendants, individually and jointly and severally, granting MNS the following relief:

A. Entry of judgment in favor of MNS against Defendants on all counts;

B. Entry of judgment that Defendants have infringed the Patents-in-Suit;

C. An order permanently enjoining Defendants together with their officers, directors, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them from infringing the Patents-in-Suit;

D. Award of compensatory damages adequate to compensate MNS for Defendants' infringement of the Patents-in-Suit, in no event less than a reasonable royalty trebled as provided by 35 U.S.C. § 284;

E. MNS's costs;

F. Pre-judgment and post-judgment interest on MNS's award; and

G. All such other and further relief as the Court deems just or equitable.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Fed. R. Civ. P., Plaintiff MNS hereby demands trial by jury in this action of all claims so triable.

Respectfully submitted,

Dated: May 19, 2017 **ONE LLP**

By: /s/ Stephen M. Lobbin
Stephen M. Lobbin
Attorneys for Plaintiff